IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marcus L. Watts, ) | |
| ) | Civil Action No. 6:12-1211-JFA-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently confined at Perry Correctional Institution in the South Carolina Department of Corrections ("SCDC"), serving a 35-year sentence for murder and concurrent sentences for a firearms offense, grand larceny, and burglary first degree (Plea Tr. 25).

On February 5, 2007, the petitioner pled guilty before the Honorable D. Garrison Hill in Greenville. The petitioner was represented by Timothy Sullivan. The State was represented by Assistant Solicitor Mark Moyer (Plea Tr. 1). The petitioner did not seek direct review of his convictions and sentences.

### *PCR*

On July 18, 2008, approximately a year and a half after his guilty plea, the petitioner filed an application seeking post-conviction relief ("PCR") in the Greenville County

Court of Common Pleas. In his application the petitioner alleged "insufficient counsel" and "adverse judgment and opinion formed beforehand without knowledge of the facts." Additionally, the petitioner, in a different section of the application, alleged he was denied a direct appeal and requested belated review of his conviction. In response, the State, represented by Karen Ratigan, filed a return and partial motion to dismiss, arguing that all of the petitioner's claims with the exception of the belated direct appeal were untimely pursuant to South Carolina Code Section 17-27-45(A). In its Return, the State requested an evidentiary hearing regarding the petitioner's belated direct appeal claim. Thereafter, the petitioner was appointed counsel Rodney W. Richey who filed a supplemental PCR application outlining 31 claims of ineffective assistance of counsel. An evidentiary hearing was held on May 18, 2009, before the Honorable J. Mark Hayes, II, in Greenville. At the hearing, the PCR court granted the State's partial motion to dismiss. The petitioner then proceeded on his belated appeal claim, testifying that plea counsel never told him about whether he had the right to file an appeal. Plea counsel testified he may not have told the petitioner about the right to appeal, but added there were no legal errors or appealable issues from the guilty plea hearing that could have been raised in an appeal.

On June 19, 2009, the PCR court issued a written order finding the petitioner's application was untimely in that it was filed more than five months after the statute of limitations had expired. The PCR court also determined that the petitioner had failed to meet his burden of proof regarding ineffective assistance of counsel or that he had made his counsel aware that he wanted an appeal, and, therefore the petitioner was not entitled to a belated direct appeal. The petitioner did not file a motion to alter or amend pursuant to South Carolina Rule of Criminal Procedure 59(e), but did timely file and serve a notice of appeal of the PCR court's order on July 6, 2009.

*PCR Appeal*

On appeal, the Supreme Court of South Carolina advised the petitioner's PCR attorney to provide an arguable basis for asserting that the circuit court's determination regarding the statute of limitations claim was improper pursuant to South Carolina Appellate

2

Court Rule 243(c). Additionally, the petitioner's PCR counsel was advised that pursuant to Rule 203(d)(1)(B), he was to provide the court with an explanation showing that there was an appealable issue from the guilty plea that was raised to and ruled upon by the plea court or, in the alternative, was preserved for review under some other authority. On July 17, 2009, PCR counsel informed the court he did not have a good faith explanation as to the petitioner's time-barred claims, but did not address the belated appeal claim. The clerk of court wrote a second letter requesting that PCR counsel, pursuant to Rule 203(d)(1)(B), provide "a written explanation showing that there is an issue which can be reviewed on appeal." In response, PCR counsel advised the court he did not have a good faith explanation as required by Rule 203(d)(1)(B). As a result, the court dismissed the appeal and stated that the petitioner, despite being advised that he could provide a *pro se* explanation as required by both appellate court rules, declined to do so. The remittitur was issued on September 28, 2009.

## FEDERAL PETITION

The plaintiff's federal habeas petition was received by the Lieber Correctional Institution mail room on May 3, 2012[1], and was filed in the district court on May 11, 2012. In his petition, which was filed *pro se*, the petitioner makes the following claims:

> **Ground One:** Withdrawal of a new trial motion following my conviction was not made intelligently and under *Johnson v. Zerbst* standards, didn't constitute waiver of a right to appeal.
>
> **Ground Two: :** Admission into evidence against me of a signed confession procured allegedly through coercion is a violation of the 14th amendment.

---

[1]The petitioner was at that time incarcerated at Lieber and has since been moved to Perry (*see* doc. 21). As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.

> **Ground Three:** The Time, My lack of Competent Counsel, and inability to appeal violated My Constitutional rights not recognized at the time of My conviction.
>
> **Ground Four:** was not told at the end of trial of my right to appeal.

(Pet. 5-10).

On June 27, 2012, the petitioner filed an amended petition alleging the following grounds for relief:

> (1) Judge violated the 8th and 14th amendments by failing to consider mitigating evidence;
>
> (2) Sixth and 14th amendment rights were violated when the prosecutor expressed his opinion as to my guilt;
>
> (3) 8th and 14th amendments were violated because the court failed to order a competency hearing at either the guilty or penalty phase or appoint a psychiatrist, despite evidence that my mental state was an issue;
>
> (4) Trial and PCR counsel were ineffective, depriving me of my 6th and 14th amendment rights;
>
> (5) Sworn statement after I had been placed under arrest and given proper Miranda warnings was made under duress;
>
> (6) The (State) circuit judge who accepted my plea of guilty failed to comply with the rule relating to the procedure for accepting a guilty plea in that the circuit judge didn't personally address me as to my understanding of the nature of the charge;
>
> (7) Failure to provide a coroner's inquest to determine the cause of death of the victim;

4

> (8) The trial judge failed to determine that the conduct which I admitted constituted the defense charged in the indictment or an offense included therein to which I had pled guilty.

(Amended pet. 1).

On November 13, 2012, the respondent filed a motion for summary judgment. By order filed November 14, 21012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response on December 13, 2012.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific,

material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA.  This court agrees.  The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).  State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

[2]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[3]The statute provides other possible start dates for the one-year time period that are not relevant here.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

6

Applying this criteria to the present case, the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). The petitioner's period of limitation began on February 16, 2007, the first day after the ten-day window for filing a direct appeal closed, and expired one year later on February 16, 2008. *See* Rule 203(b)(2), SCACR, (stating a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Thus, while the petitioner subsequently filed an application for PCR in July 2008, the period of limitation could not be tolled under § 2244(d)(2) since it had already expired prior to the filing to the action. Accordingly, the petitioner's federal habeas petition is more than four years late.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

In his petition, the petitioner stated that the statute of limitations should not bar his petition because he did not understand the law and procedure required to pursue PCR until July 2008, when he first tried to begin the process (pet. 14). On May 16, 2012, the undersigned issued an order giving the petitioner 30 days to file with the court a factual explanation to show cause why the petition should not be dismissed based on the application of the statute of limitations (doc. 8). On June 11, 2012, the petitioner filed his response stating that his imprisonment has "greatly limited his ability to litigate." He complained of limited access to a law library and limited knowledge of the law. The

petitioner further stated that he was stabbed "multiple times in vital areas of his body by a mob of gangbangers in his living quarters in September 2007." He claimed that he had been hindered from properly filing documents since that time because of his medical treatment (doc. 11).[4] In his response in opposition to the motion for summary judgment, the petitioner relied on his previously-filed response to the show cause order in arguing that he is entitled to equitable tolling (*see* doc. 54 at 1, 3).

The petitioner in this case cannot invoke the remedy of equitable tolling because he has failed to show that he has been pursuing his rights diligently. Specifically, the petitioner failed to file his first PCR action until after the one-year statute of limitations expired in state court. Likewise, the petitioner cannot show the existence of an "extraordinary circumstance" that prevented him from timely filing a federal habeas action.

The petitioner's argument that he is entitled to equitable tolling because of limited access to a law library and limited knowledge of the law is meritless. Courts in this circuit have held that extraordinary circumstances warranting equitable tolling do not include unfamiliarity with the legal process and inadequacy of the prison law library. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citation omitted)*; Jenkins v. Johnson*, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted); *Jones v. South Carolina*, C.A. No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on

---

[4]Thereafter, the undersigned authorized service of this case and apprised the respondent of the filing deadline for dispositive motions (doc. 16).

8

other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."); *Burns v. Beck*, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004) ("unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling") (citing *Harris*, 209 F.3d at 330–32).

Furthermore, the petitioner's argument that his injuries in September 2007 prevented him from timely filing his federal habeas action also fails. "Allegations of even serious mental illness or physical injuries are not sufficient to warrant invocation of equitable tolling unless petitioner also demonstrates how these conditions constituted an extraordinary circumstance that prevented him from filing a timely petition." *Wilson v. VA D.O.C.*, No. 7:09cv00127, 2009 WL 3294835, at *4 (W.D.Va. Oct. 13, 2009) (citing *Sosa*, 364 F.3d at 512-13). Here, approximately seven months of the one-year statute of limitations for filing a state PCR action had already run prior to the petitioner being injured in September 2007. The petitioner was physically able to file his *pro se* PCR application in July 2008, less than a year after he was injured. Despite the fact the petitioner's attempted PCR appeal was dismissed in September 2009, the petitioner has failed to explain the substantial delay between the denial of that action and the filing of his federal habeas action in May 2012. As the petitioner has failed to show that he diligently pursued his rights and was prevented from timely filing a federal habeas corpus action, he is not entitled to equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended the respondent's motion for summary judgment (doc. 49) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

s/ Kevin F. McDonald  
United States Magistrate Judge

March 19, 2013  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).