UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus L. Watts, | ) | C/A No. 6:12-1211-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Marcus L. Watts, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for murder, a firearms violation, grand larceny, and burglary.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed timely objections thereto. Thus, this matter is ripe for review.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, the petitioner pled guilty and was sentenced to 35 years imprisonment. He did not seek direct review of his convictions and sentences. He filed his first Post Conviction Relief Application (PCR) approximately a year and one half after his guilty plea alleging that he was denied a direct appeal. The PCR court granted the State's partial motion to dismiss.

The petitioner proceeded on his belated appeal claim and on June 19, 2009, the PCR court issued an order finding that petitioner's PCR was untimely in that it was filed more than five months after the statute of limitations expired. The PCR court also determined that the petitioner had failed to meet his burden of proof regarding ineffective assistance of counsel or that he had made counsel aware that he wanted an appeal. The petitioner did not file a motion to alter or amend under Rule 59(e) of the S.C. Rules of Criminal Procedure, but he did timely file and serve a notice of appeal of the PCR court's order on July 6, 2009.

The petitioner's PCR appeal was dismissed and the remittitur was issued on September 28, 2009. PCR counsel had advised the court that he did not have a good faith explanation as required by S.C. Appellate Court Rule 203(d)(1)(B). The petitioner had also declined to file a *pro se* explanation showing that there was an appealable issue from the guilty plea.

2

The present § 2254 petition was received by the Lieber Correctional Institution mailroom on May 3, 2012. Thus, under *Houston v. Lack*, 487 U.S. 266, 270–71 (1988), the petition was deemed filed in this court on that date. Here, the petitioner raises various claims of constitutional error by the trial court and ineffective assistance of counsel.

In his motion for summary judgment, the respondent asserts that the petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214 (AEDPA). The one-year statute of limitations began to run on the date petitioner's convictions became final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

The Magistrate Judge opines that the petitioner's period of limitation began on February 16, 2007—the first day after the ten-day window for filing a direct appeal closed—and expired one year later on February 16, 2008. Thus, while the petitioner subsequently filed a PCR application in July 2008, the period of limitations could not be tolled under § 2244(d)(2) because it had already expired prior to the filing of the action in this court.

The petitioner argues that the statute of limitations should not bar his petition because he did not understand the law and procedures required to pursue his PCR until it was filed in July 2008. The petitioner responded to the court's inquiry of why his petition should not be dismissed under the statute of limitations and indicated that his imprisonment had greatly limited his ability to litigate. He complained of limited access to a law library and limited knowledge of the law. Petitioner also contended that he was stabbed by inmates in September 2007 and due to his medical treatment, he was hindered from properly filing

3

documents. He continues this argument in his objections to the Report and Recommendation.

As the Magistrate Judge properly notes, the petitioner cannot avail himself of the remedy of equitable tolling because he has failed to show that he has been pursuing his rights diligently. *See Holland v. Florida*, 130 S.Ct. 2549 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329–40 (4th Cir. 2000); and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Specifically, the Magistrate Judge suggests that the petitioner failed to file his first PCR action until *after* the one-year statute of limitations expired in state court and he cannot show the existence of an "extraordinary circumstance" that prevented him from filing a habeas action in this court. Moreover, ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The Magistrate Judge also opines that the petitioner's injuries from the September 2007 stabbing are not sufficient to warrant equitable tolling because seven months of the one-year statute of limitations for filing a state PCR had already began to run before the petitioner was injured. Additionally, the petitioner failed to show that he diligently pursued his rights and was prevented from timely filing a federal habeas corpus action.

The petitioner notes in his objections that he was on a hunger strike to protest the continual harassment and retaliation of the respondent to intercept and confiscate petitioner's legal mail. The remainder of the objections raise the same issues as those raised in petitioner's response to summary judgment concerning his complaints of limited access to the law library, his mental state, erroneous advice from other inmates, ignorance of the

4

AEDPA filing deadline, and delays due to his medical treatment. The court finds these objections do not support the diligent pursuit of rights or extraordinary circumstances to allow equitable tolling. As such, the objections are overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, the respondent's motion for summary judgment (ECF No.49) is granted and the § 2254 petition is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

September 3, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."